IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN T. BAKER,

       Plaintiff,

              CIVIL ACTION
  vs.            No. 07-3281-SAC

NORMAN WILLIAMS, et al.,

       Defendants.


**ORDER**

  This matter is before the court on a civil rights complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in a Kansas correctional facility. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

  Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without

---

[1] *See* <u>Baker v. Williams</u>, Case No. 07-3093-SAC (remainder of $350.00 district court filing fee); <u>Baker v. El Dorado Correctional Facility</u>, Case Nos. 07-3127-SAC and 07-3278-SAC ($350.00 district court filing fee in consolidated complaint).

payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks damages for the violation of his rights by an arresting officer's alleged use of excessive force during the arrest of plaintiff on July 30, 2007, and the alleged unlawful search of plaintiff's car. The only defendant identified in the complaint is Chief of Police Norman Williams. Plaintiff states he will not know the name of the "John Doe" officer involved until plaintiff obtains his paperwork. On these allegations, the court finds Chief Williams is subject to being summarily dismissed as a defendant in this matter, and that additional information is needed to be able to proceed further against the remaining unidentified defendant.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992). It is well established, however, that "[i]ndividual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423

(10th Cir. 1997); *see also* Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)("[P]ersonal participation is an essential allegation in a section 1983 claim.").  In the present complaint, plaintiff identifies no participation by Chief Williams in the alleged use of excessive force during plaintiff's arrest and the alleged unlawful search of plaintiff's car, and plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of this defendant's supervisory position.  Rizzo v. Goode, 423 U.S. 362 (1976).  *See e.g.*, Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976)(before a superior may be held liable for the acts of an inferior, superior must have participated or acquiesced in the constitutional deprivation).

The court thus directs plaintiff to show cause why Chief Williams should not be dismissed because plaintiff's allegations fail to state any claim under 42 U.S.C. § 1983 against this defendant.  *See* 28 U.S.C. § 1915A(b)(1).

The court also grants plaintiff additional time to supplement the complaint to further identify the "John Doe" defendant.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why Chief of Police Norman Williams should not be dismissed as a defendant, pursuant to 28 U.S.C. § 1915A(b)(1).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to supplement the complaint to provide additional information regarding the unidentified officer designated as a defendant in the

complaint.

    **IT IS SO ORDERED.**

    DATED:  This 13th day of March 2008 at Topeka, Kansas.


                                             s/ Sam A. Crow  
                                            SAM A. CROW  
                                            U.S. Senior District Judge